IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEUNTA M. ELLIS                                                PLAINTIFF

V.                              CIVIL ACTION NO. 5:23-cv-64-DCB-BWR

M.T.C., ET AL.                                                 DEFENDANT

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 32], concerning Deunta M. Ellis's ("Plaintiff") complaint under 42 U.S.C. § 1983. [ECF No. 1]. Before the Court are two unopposed motions: (1) a Motion for Summary Judgment filed by M.T.C. on June 5, 2024 [ECF No. 29], and (2) Plaintiff's Motion to "Drop Charges on S. Bell," filed on June 17, 2024 [ECF No. 31]. The Report was entered December 6, 2024, and objections to it were due by December 20, 2024. No party has filed an objection, and the time to do so has elapsed.

I.    Background

Plaintiff Deunta M. Ellis filed this lawsuit on June 26, 2023, alleging a violation of 42 U.S.C. § 1983 by defendants. [ECF No. 1]. Plaintiff names Management and Training Corporation (M.T.C.) and SaMyni Bell as defendants.[1] Ellis alleges that while he was

---

[1] Plaintiff originally had named the Mississippi Department of Corrections as an additional defendant, but it has since been terminated as a party.

in protective custody, Correctional Officer SaMyni Bell failed to protect him when an unidentified inmate from general population entered his protective housing unit and assaulted him. [ECF No. 1] at 4. Plaintiff asserts that Bell purposely left the door open so that the other inmate gained access, and that Bell's breach of protocol resulted from M.T.C.'s failure to properly train its employees. Id. Thus, Ellis sued Bell for failing to secure the protective custody unit in violation of MDOC Policy No. 19-01-02, and M.T.C. for "not having the right staff work[ing] on a P/C unit." Id.

According to the Report and Recommendation, the summons issued to Bell at her last known address was returned unexecuted because the Deputy U.S. Marshal attempting service of process was unable to locate Bell at that address. [ECF No. 32] at 3 (citing [ECF No. 20] at 2). Plaintiff was then ordered to "either (1) provide an address for Bell, or (2) if unsuccessful in obtaining this information, explain why, or (3) voluntarily dismiss Bell as a Defendant." [ECF No. 20] at 2. Plaintiff responded by providing the Court with the same address to which the unexecuted summons had been sent. [ECF No. 25] at 1. At the omnibus hearing, Plaintiff was given 30 days to provide the Court with Bell's current address. [ECF No. 26] at 2. That deadline passed on May 31, 2024, and Plaintiff has not provided any new address.

On June 16, 2024, Ellis filed his "Motion to Drop Charges on S. Bell." [ECF No, 31]. On June 6, 2024, Defendant M.T.C. filed a Motion for Summary Judgment asserting that Ellis has failed to identify a custom or policy that was a moving force behind a violation of his constitutional rights. Judge Rath recommends that the Court grant both Plaintiff's Motion to "Drop Charges on S. Bell" and Defendant's Motion for Summary Judgment, dismissing Ellis's claims against Bell without prejudice, and his claims against M.T.C. with prejudice.

II. Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the

3

evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

III. Analysis

A. Motion to Dismiss Claims against S. Bell

As mentioned above, Plaintiff failed to provide a current address for Bell by the 30-day deadline and now asks that the court dismiss Bell from the action. Under Federal Rule of Civil Procedure 41(a)(2), Plaintiff's claim against Bell can be dismissed only by court order, "on terms that the court considers proper." FED. R. CIV. PRO. 41(a)(2). Not only does Plaintiff wish to dismiss his claims against Bell, but M.T.C. agrees, stating that "Ellis was given until May 31, 2024, to provide a current address for Bell. He has not done so . . . Accordingly, Plaintiff's claims against Bell should be dismissed." [ECF No. 30] at 2.

The Report states that as Bell was never served with process, she would "suffer [no] cognizable prejudice [from dismissal] greater than the mere prospect of a second lawsuit." [ECF No. 32] at 8 (citing Gentry v. Wexford Health Sources, Inc., No. 3:09-cv-00173-DPJ-FKB, 2011 WL 3924834, at *3 n.3) (S.D. Miss. Sept. 7,

4

2011). The Report further notes that dismissal is proper because Bell has incurred no litigation costs and received no favorable rulings that might be disturbed by voluntary dismissal at this time. [ECF No. 32] at 8 (citing White v. Miss. State Port at Gulfport, No. 1:06-cv-01027, 2007 WL 9772261, at *1 (S.D. Miss. July 2, 2007)).

For the reasons stated above, the Court adopts the Report's conclusion, and Ellis's claims against S. Bell are hereby DISMISSED WITHOUT PREJUDICE.

B. M.T.C.'s Motion for Summary Judgment

M.T.C. maintains that Plaintiff has failed to make a sufficient showing to hold it accountable under Section 1983. [ECF No. 30] at 4. M.T.C. is a private corporation which "may be sued under § 1983 by a prisoner who has suffered an alleged constitutional injury." Holton v. MTC, No. 3:17-cv-00485RHW, 2018 WL 2424427, at *2 (S.D. Miss. May 29, 2018). "Although not subject to vicarious liability for the constitutional torts of its employees, a private corporation such as [M.T.C.] may be held liable under § 1983 when an official policy or custom of the corporation causes, or is the moving force behind, the alleged deprivation of federal rights." Favre v. Harrison County, 1:21-cv-00328-TBM-BWR, 2023 WL 4424630, *1 (S.D. Miss. 2023) (quoting Holton v. MTC, No. 3:17-cv-00485-RHW, 2018 WL 2424427, at *2 (S.D. Miss. May 29, 2018)). M.T.C.

5

asserts that Plaintiff is therefore required to identify "a custom or policy of M.T.C. [that is] the 'moving force' behind a violation of his constitutional rights." [ECF No. 30] at 4 (citing <u>Andrew v. Management & Training Corp.</u>, 3:13-cv-1042-FKB, 2015 WL 3484881, *4 (S.D. Miss. 2015)).

Here, Plaintiff does not assert any M.T.C. custom or policy behind the alleged violation. He claims that M.T.C. violated MDOC Policy No. 19-01-02, which states that it is MDOC's policy "to establish and maintain procedures for housing assignments of offender(s) who have been recommended for protective custody and/or require protective measures." According to Plaintiff, this policy requires M.T.C. to guard protective custody inmates from harm at all times. [ECF No. 28] at 11. However, Plaintiff does not allege any custom or policy of M.T.C. that led to his alleged constitutional injury; he merely claims that Officer Bell left the door to the protected custody unit open "on purpose" and that this act led to his injury. <u>Id.</u> at 12.[2] As the Report notes:

> "Plaintiff simply argues 'that prison policy was not followed, not that the policy itself is a repudiation of any constitutional rights.' See

---

[2] Plaintiff admits he has no proof that Bell left the door open on purpose; he merely asserts "ask me my opinion, I want to say she did it on purpose, sir." [ECF No. 28] at 12-13.

6

>McAlister v. Mgmt. and Training Corp., No. 5:22-cv-00090-DCB-LGI, 2024 WL 4328897, at *6 (S.D. Miss. Apr. 29, 2024), report and recommendation adopted by 2024 WL 4751586, at *6 (S.D. Miss. Nov. 12, 2024). 'There is no argument that the applicable policy itself affirmatively allows or compels unconstitutional conduct.' Id. (quotation and ellipsis omitted).

[ECF No. 32] at 6.

Plaintiff also claims that his injury was caused by M.T.C.'s failure to train its employees in the protection of inmates in protective custody. [ECF No. 28] at 9-10. "[T]o hold [M.T.C.] liable for failure to supervise or train [its] employees, Plaintiff must show—in part—that [its] 'failure to train or supervise amounts to deliberate indifference.'" McAlister, 2024 WL 4328897, at *5 (quoting Goodman v. Harris Cnty., 571 F.3d 388, 395 (5th Cir. 2009). "To show deliberate indifference in this context, Plaintiff must demonstrate either (1) a 'pattern of violations and that the inadequacy of the supervision is obvious and likely to result in a constitutional violation' or (2) that a 'supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional

7

rights.'"  Id. (quoting Jones v. King, No. 5:13-cv-00082MTP, 2014 WL 4964310, at *3 (S.D. Miss. Oct. 3, 2014)); see also J.M., 2017 WL 3906774, at *11 ("For purposes of a failure-to-train claim under § 1983, a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference."); [EF No. 32] at 6-7.

The Court adopts the Report's conclusion that "Plaintiff offers no evidence of M.T.C.'s training policies (constitutional or otherwise), and his 'testimony establishes the attack [at issue] was isolated and unexpected.' McAlister, 2024 WL 4328897, at *6; see also [ECF No. 28] at 10 ("[I]t was a one-time occurrence."). Because Ellis has failed to identify an unconstitutional policy and has demonstrated no pattern of unconstitutional behavior among untrained employees, his failure-to-train theory cannot succeed. Therefore, Defendant M.T.C.'s motion for summary judgment is GRANTED, and Ellis's claims against M.T.C. are DISMISSED WITH PREJUDICE.

IV. Conclusion

After conducting a de novo review of the Report, the Court agrees with Judge Rath's recommendation. Accordingly, the Report is ADOPTED and Plaintiff's claims against M.T.C. are hereby

8

DISMISSED WITH PREJUDICE. Plaintiff's Motion to "Drop Charges on S. Bell" is also GRANTED, and Plaintiff's claims against SaMyni Bell is DISMISSED WITHOUT PREJUDICE.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 22nd day of January, 2025.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE